UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARQUIS ANDREWS, | ) | CASE NO. 1:08 CV 101 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ANTHONY JACKSON, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On January 14, 2008, *pro se* plaintiff Marquis Andrews filed this action against Cleveland Metropolitan Housing Authority ("CMHA") Police Officer Anthony Jackson, CMHA, the City of Cleveland, "Cleveland Metro Hospital" ("Metro Health"), and Metro Health Medical Staff. In the complaint, plaintiff asserts a number of claims in connection with injuries he sustained during his 2002 arrest. He seeks $ 30,000,000.00 in damages.

**Background**

Mr. Andrews alleges he was visiting a friend at a CMHA owned housing project on December 10, 2002. Officer Jackson observed Mr. Andrews using a resident's passcard to gain access to the interior of the building. The officer knew that Mr. Andrews was not a resident and demanded that he submit to a pat-down search. Mr. Andrews refused and a supervisor was called to the scene. He alleges he was told to leave the property and return when Officer Jackson's shift

ended at 7:00 a.m. Mr. Andrews retreated to his car which was parked on the street in front of the CMHA property. He states that Officer Jackson became upset when he discovered Andrews was still near the property and tried to extract him from his vehicle. Mr. Andrews claims that when he was unable to open the locked doors, Officer Jackson went to the front of the car, withdrew his gun, and shot him in the chest.

Mr. Andrews states he exited the vehicle to use his cell phone to call for medical assistance. He claims that Officer Jackson immediately jumped in the car and moved it onto CMHA property. He states he sat on the sidewalk to await the ambulance. Officer Jackson allegedly approached him and placed him under arrest. Mr. Andrews was transported to MetroHealth Medical Center where he was treated and released into the custody of Cleveland Police. He indicates he overheard one of the officers tell medical personnel that the injury did not look like a gunshot wound.

Back at the Cleveland police station, Mr. Andrews was questioned on charges of felonious assault on a police officer. He states he complained to the officers that he needed additional medical attention. He claims he was able to remove the bullet from his chest and hand it to one of the officers conducting the interview. The officer allegedly placed it in an evidence bag. Two days later he was told he was being released because the evidence against him was insufficient. Before he could leave the jail, however, his parole officer served him with a parole violator warrant. He was transferred to the Lorain Correctional Institution. Thirty days later, he was arrested on unrelated federal charges.[1] Although he was indicted on the felonious assault

---

[1] Mr. Andrew was indicted along with 26 other defendants and charged with conspiracy to possess with the intent to distribute and distribution of cocaine base and cocaine in violation of 21 U.S.C. 846. *See United States v. Andrews*, Case No. 1:03 cr 0049 (N.D. Ohio indictment filed Feb. 5, 2003)(Oliver, J.)

charges in the Cuyahoga County Court of Common Pleas in February 2003, no further action was taken on the case.  It was eventually dismissed without prejudice on January 23, 2006 for want of prosecution with no objection from the state.

Mr. Andrews asserts five causes of action in his complaint.  He claims that CMHA and the City of Cleveland failed to supervise or train their employees.  He asserts claims against Officer Jackson "for shooting the plaintiff causing pain and suffering, false arrest and malicious prosecution."  (Compl. at 6.)  He contends that the medical staff at Metro Health committed medical malpractice, and concludes that the Hospital is liable to him for failing to adequately supervise its personnel.  Mr. Andrews is currently incarcerated in the Federal Correctional Institution in Ottisville, New York.  He does not clarify whether he intends to assert his claims under 42 U.S.C. § 1983, or under state tort law based on the diversity of citizenship of the parties.  For purposes of this Order, the court will assume he has asserted both types of claims.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of*

---

[2]  An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, it is apparent on the face of the complaint that the statute of limitations for most of the claims expired before Mr. Andrews filed this action. Ohio's two year statute of limitations for bodily injury applies to both § 1983 and Ohio tort law claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). The incident at CMHA and Mr. Andrews's subsequent arrest took place in December 2002. Mr. Andrews filed this action on January 14, 2008, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing claims pertaining to those incidents to go forward in view of the fact that they are clearly time-barred.[3] *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming *sua sponte* dismissal of *pro se* §1983 action filed after two year statute of limitations for bringing such an action had expired).

The only claim that arguably is not barred by the expiration of the statute of limitations period is the malicious prosecution claim asserted against Officer Jackson. Because favorable termination is a required element, the statute of limitations would not begin to run until this event takes place. The charges against Mr. Andrews were dismissed on January 13, 2006. This claim was timely filed.

Mr. Andrews, however, fails to state a claim upon which relief may be granted. A

---

[3] The limitations period for an arrestees's §1983 unlawful arrest claim against city police officers begins to run at the time he first appeared before an examining judge or magistrate and was bound over for trial or released. *Wallace v. Kato*, 127 S. Ct. 1091, 1096 (2007). As of that point, the arrestee's detention without legal process concludes and detention pursuant to legal process begins. *Id.* It does not matter that the arrestee may also suffer consequential damages from his continued detention after the initial appearance. Mr. Andrews was arrested and arraigned in December 2002. The two year statute of limitations period has clearly run on this claim.

claim for malicious prosecution requires a malice in instituting or continuing the prosecution, lack of probable cause, and termination of the action in favor of the defendant. *Swiecicki v. Delgado,* 463 F.3d 489, 503 (6th Cir. 2006). Mr. Andrews was arrested on December 10, 2002. He was indicted two months later on February 10, 2003. The charges, however, were not pursued beyond this point. Mr. Andrews had been arrested on federal drug charges on January 13, 2003, and had been held in the custody of the United States Marshal pending trial. He was formally indicted on the federal charges on February 5, 2003. Although, the state court prosecution remained pending, it was dormant until it was dismissed without prejudice for failure to prosecute in January 2006. There are simply no allegations in the complaint which reasonably suggest that his prosecution on these charges was motivated by malice.

## Conclusion

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 4/17/08

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.